UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHESTERFIELD SPINE CENTER, LL,

    Plaintiff,

v.

CIGNA HEALTHCARE, INC., et al.,

    Defendants.

No. 4:14-CV-2067 RLW

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' Motion to Dismiss Counts I-III of Plaintiff's Complaint and Motion to Strike Jury Demand (ECF No. 28). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

This matter is before the court based upon federal question and diversity jurisdiction under 28 U.S.C. §§1331, 1332. (Notice of Removal, ECF No. 1). Plaintiff Chesterfield Spine Center, LLC d/b/a St. Louis Spine and Orthopedic Surgery Center ("Plaintiff") is a health care provider of medical care including surgical treatments. (SAC, ¶1). Defendant Cigna Healthcare, Inc. ("CHI") and Defendant Connecticut General Life Insurance Company ("CG") (collectively, "Defendants") are insurers providing health insurance coverage to Missouri citizens. (SAC, ¶¶2-3). Plaintiff alleges that this action "arises out of Defendants' conduct in reference to medical care Plaintiff provided in the amount of $95,099.00 based on Defendants' representations which

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

turned out to be false." (ECF No. 26 at 1). Prior to November 5, 2012, Plaintiff sought preauthorization from Defendants to provide medical care for patient RN[2] and prior to the medical care being provided. (ECF No. 26 at 1, ¶¶10, 13-14). On or about October 31, 2012, Defendants preauthorized the medical care and told Plaintiff that RN was covered by Defendants' health insurance policy and that payment for the medical care by Plaintiff would be paid. (ECF No. 26 at 1, ¶15). On November 5, 2012, Plaintiff provided medical care to RN. (ECF No. 26, ¶17). Plaintiff invoiced Defendants in the amount of $95,099.00, and requested payment for RN's medical care. (ECF No. 26, ¶18-19). Defendants refused to pay Plaintiff. (ECF No. 26 at 1). Defendant claimed that RN's health insurance policy was not in force and effect when Plaintiff provided the medical care because it was terminated in August 2012. (ECF No. 26 at 1).

In its Second Amended Complaint, Plaintiff alleges claims for negligence misrepresentation (Count I), Promissory Estoppel (Count II), Equitable Estoppel (Count III), and Employee Retirement and Income Security Act (ERISA) (Count IV). Counts I-III and Count IV are pleaded in the alternative.

## STANDARD OF REVIEW

In ruling on a motion to dismiss or a motion for judgment on the pleadings, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a

---

[2] Patient is identified as non-party Rxx Nxx ("RN"). SAC, ¶4

motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I. Motion to Dismiss

Defendants move to dismiss Counts I, II, and III on the grounds that they are preempted by Count IV, a claim under ERISA. Defendants argue that Counts I-III are completely and expressly preempted by ERISA. (ECF No. 29). "A state cause of action is completely preempted under ERISA if an individual, at some point in time, could have brought his claim under [ERISA § 502], and where there is no other independent legal duty that is implicated by a defendant's actions." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 914 (8th Cir. 2005) (internal quotations omitted). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Schoedinger v. United Healthcare of Midwest, Inc.*, 557 F.3d 872, 875-76 (8th Cir. 2009) (citing *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208-09, 214-16 (2004)). "[A] state-law cause of action need not duplicate an ERISA provision to be preempted.... Rather, a state-law cause of action is preempted if it arises from a duty created by ERISA or the terms of the relevant health

benefit plan." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 914 (8th Cir. 2005). Defendants argue that Plaintiff's assignor, RN, could have brought a claim under Section 502(a) because beneficiaries and participants are expressly granted statutory standing to sue under 502(a)(1)(B), (a)(2) and (a)(3). ECF No. 29 at 8). Therefore, Defendants claim that Plaintiff could have brought this action under ERISA pursuant to RN's assignment of benefits. Defendants further maintain that no independent duty is implicated by Plaintiff's claims because Defendants would have had no obligations to pay Plaintiff but for the ERISA plan. (ECF No. 29 at 9). Defendants also claim ERISA expressly preempts Counts I-III because they "relate to" an ERISA plan. (ECF No. 29 at 10). ERISA's express preemption clause preempts any state law that "relate[s] to any employee benefit plan." 29 U.S.C. § 1144(a). In determining whether a state action "relates to" an employee benefit plan covered by ERISA, the Eighth Circuit employs a two-part test. "A law relates to a covered employee benefit plan for purposes of ERISA if it has (1) 'a connection with' or (2) reference to such a plan.'" *Parkman v. Prudential Ins. Co. of Am.*, 439 F.3d 767, 771 (8th Cir. 2006) (quoting *California Div. of Labor Standards Enforcement v. Dillingham Constr., Inc.,* 519 U.S. 316, 324, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997)). Express preemption provides "an affirmative defense against claims not completely preempted under ERISA § 502." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 907 (8th Cir. 2005).

In opposition to the Motion to Dismiss, Plaintiff argues that Counts I through III are not preempted by ERISA because the state law claims asserted are independent of the ERISA claim in Count IV and because Plaintiff is not a plan participant or beneficiary under 29 U.S.C. §1132. Plaintiff notes that Defendants never indicate in their pleadings whether RN was covered under an ERISA plan at the time Defendants made representations to Plaintiff. (ECF No. 36 at 3).

Plaintiff asserts that Counts I-III, which are pleaded in the alternative to Count IV, do not require the interpretation of an ERISA plan, but instead relate to Plaintiff's reliance on Defendants' false statements. (ECF No. 36 at 9) Plaintiff contends that the type of insurance plan or the ultimate source of payment is not necessary to support its state law claims. (*Id.*). Likewise, Plaintiff asserts that its state law claims do not relate to ERISA because "there is no reason to look at the ERISA plan terms as Plaintiff's state law claims are based on Defendants['] misrepresentations, not on the plan terms." (ECF No. 36 at 10).[3]

The Court holds that Counts I-III of Plaintiff's complaint are completely preempted by ERISA. The Eighth Circuit has previously identified the broad preemptive power of ERISA:

---

[3] Defendants also argue that the issues before the Court are identical to the issues addressed in *Chesterfield Spine Ctr., LLC v. Cigna Health & Life Ins. Co.*, No. 4:14CV2047NCC, 2015 WL 4603560 (E.D. Mo. July 30, 2015) (the "Cigna Action"), where the District Court dismissed the state law claims against Defendants because they were preempted by ERISA. *See* ECF No. 42. In response, Plaintiff contends that the Cigna Action is irrelevant to deciding this motion because the medical care in the Cigna Action was provided to a patient covered under an ERISA plan. (ECF No. 45). In contrast, Plaintiff alleges in this case that Defendants refused to pay because RN's health insurance plan was not in force and effect at the time the medical care was provided. Plaintiff argues that the only connection this case has with an ERISA plan is as the former health insurance plan administrator. Plaintiff provides that if Defendants would stipulate that RN was covered by an ERISA plan then Plaintiff would amend the Second Amended Complaint accordingly. While the Court notes the factual differences between the two cases, the Court believes that the Cigna Action is instructive as to application of ERISA in instances where coverage is disputed.

> "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65–66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.*

*Ibson v. United Healthcare Servs., Inc.,* 776 F.3d 941, 945 (8th Cir. 2014). The same relevant operative facts apply to Counts I through IV. For all of these claims, the Court must determine whether Defendants are required to pay benefits under the ERISA plan. Although Plaintiff attempts to frame its argument in the alternative, the essence of its state law claims remains that Defendants "should have [] paid medical benefits under an ERISA-regulated plan and failed to do so." *Ibson,* 776 F.3d at, 945. This position is supported by the fact that Plaintiff seeks an amount of coverage that is allegedly afforded under the plan. (ECF No. 26, ¶55) ("Pursuant to the Plan, Defendants are obligated to pay Plaintiff 70% of the billed charges of $95,099.00 totaling $69,440.50"). Under Eighth Circuit law, Plaintiff's state law causes of action are preempted because Plaintiff could have brought Counts I-III under 502(a)(1)(B), (a)(2) and (a)(3) and because they arise from a duty created by ERISA or the ERISA health plan. *Prudential Ins. Co. of Am.,* 413 F.3d at 914. Defendants would have no independent basis for paying RN's claim, absent an ERISA plan. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 210, 124 S. Ct. 2488, 2496, 159 L. Ed. 2d 312 (2004) ("if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls 'within the scope of' ERISA § 502(a)(1)(B)"). Therefore, the Court finds that Counts I-III are completely preempted by ERISA.

Finally, the Court holds that ERISA expressly preempts Counts I-III because these claims relate to an ERISA plan. *Parkman v. Prudential Ins. Co. of Am.*, 439 F.3d 767, 771 (8th Cir. 2006). Here, any determination regarding whether Defendants are obligated to Plaintiff begins with an interpretation of the plan to discern whether RN was covered under the ERISA plan. Plaintiff's claim relates to the administration of plan benefits and falls within the scope of ERISA. Therefore, the Court holds that Plaintiff's claims in Counts I-III also are expressly preempted.

## II. Motion to Strike Jury Demand

Because Counts I-III have been dismissed, the Court strikes Plaintiff's jury demand. *See In re Vorpahl*, 695 F.2d 318, 322 (8th Cir. 1982) ("claims for present and future pension benefits, such as petitioners', have been viewed as equitable in nature and triable by a court").

## III. Leave to Amend

At the conclusion of its opposition, Plaintiff argues that if the Court determines that its state law causes of action are preempted by ERISA, then Plaintiff requests the Court "recharacterize" its pleading as ERISA §502(a) allows for claims seeking payment for medical care provided under an ERISA plan and grant Plaintiff leave to amend its pleading.

The Court grants Plaintiff leave to file an amended pleading. The Court notes that Defendants' briefing does not disclose whether RN was covered under an ERISA plan at the time he received medical care. Based upon this unclear factual record, the Court grants Plaintiff leave to file an amended pleading so that it may have an opportunity to restate a cause of action in the event that RN was not covered under an ERISA plan.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Counts I-III of Plaintiff's Complaint and Motion to Strike Jury Demand (ECF No. 28) is **GRANTED**, in part. Counts I-III are **DISMISSED** with prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's jury demand is **STRICKEN**.

**IT IS HEREBY ORDERED** that Plaintiff shall file an amended complaint within fourteen days of the date of this Memorandum and Order.

Dated this 5th day of November, 2015.

/s/ Ronnie L. White
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**